UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JOHN G. WESTINE**  **PETITIONER**

v.  **CIVIL ACTION NO. 4:14CV-P102-JHM**

**GRAYSON COUNTY JAIL**
**UNITED STATES OF AMERICA**  **RESPONDENTS**

**MEMORANDUM OPINION**

Petitioner John G. Westine filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Grayson County Detention Center (GCDC). By Order entered October 24, 2014, the Court directed Petitioner to amend his petition to reflect the name of the proper Respondent (DN 9). On November 10, 2014, the copy of the Order sent to Petitioner was returned to the Court by the U.S. Postal Service marked "Return to Sender-Insufficient Address-Unable to Forward" (DN 12). The Bureau of Prison's website indicates that Petitioner is "Not in BOP Custody." *See* www.bop.gov/inmateloc/. Further, in response to a Court Order asking about funds in Petitioner's GCDC account, the GCDC Chief Deputy indicated that Petitioner was released from GCDC's custody "on 10/14/2014, per a remand from the U.S. Marshals, Eastern District of Kentucky" (DN 11). Over two months have passed since Petitioner's release from GCDC's custody, and he has failed to notify this Court of a change in address.

Upon filing the instant action, Petitioner assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Petitioner

has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Respondent can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a petitioner fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because it appears to this Court that Petitioner has abandoned any interest in prosecuting this case, the Court will dismiss the action without prejudice by separate Order.

Date: December 18, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Petitioner, *pro se*
U.S. Attorney
4414.005